

# Fourth Court of Appeals
## San Antonio, Texas

June 28, 2021

No. 04-20-00388-CV

Jason Matthew **SMITH** and Christa Eve Smith,
Appellants

v.

Dana G. **KIRK**, Trustee of Kirk Ranch Trusts,
Appellees

From the County Court at Law, Kerr County, Texas
Trial Court No. 18935C
Honorable Susan Harris, Judge Presiding

# O R D E R

Sitting:  Rebeca C. Martinez, Chief Justice
    Irene Rios, Justice
    Liza A. Rodriguez, Justice

Appellee sued appellees for declaratory judgment seeking to recover earnest money deposited with a title company for the purchase of real estate. In her pleadings, appellee also asked the trial court to order appellants to pay all pending closing costs due to third parties.

Appellants filed an answer and counterclaims. In their pleadings, appellants asked the trial court to award them the earnest money in question and to order appellee to pay all pending closing costs due to third parties. Appellants' pleadings also alleged a cause of action for statutory fraud in a real estate transaction. Thereafter, appellants and appellee filed competing motions for summary judgment, each asking to be awarded the earnest money, which by then had been deposited in the registry of the court.

On July 1, 2020, the trial court signed an order denying appellants' motion for partial summary judgment and granting appellee's motion for summary judgment. Additionally, the trial court's order directed the Kerr County Clerk to pay the earnest money to appellee and it further ordered the parties to pay their own attorney's fees and expenses. On July 30, 2020, appellants filed their notice of appeal, which was subsequently amended twice.

Importantly, nothing in the clerk's record shows the trial court has disposed of all of the claims pending in the trial court. In particular, the record shows appellants' fraud claim and the parties' competing claims regarding closing costs due to third parties have not been disposed of by the trial court. A judgment or order is final for purposes of appeal if it actually disposes of all pending parties and claims before the court. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). Here, the trial court's summary judgment order is interlocutory because it does not dispose of all of the causes of action in the case. Further, the record does not include any order severing claims or parties. Thus, the July 1, 2020 summary judgment order is not a final and appealable order. Interlocutory orders may be appealed only if a specific statute authorizes such an interlocutory appeal. For example, section 51.014 of the Texas Civil Practice and Remedies Code lists circumstances under which a party may appeal from an interlocutory order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014. We cannot, however, find any statutory authority that allows a party to appeal from the interlocutory summary judgment order contained in the record before us.

We, therefore, ORDER appellants to show cause in writing on or before **July 16, 2021**, why this appeal should not be dismissed for lack of jurisdiction.

It is so **ORDERED** on June 28, 2021.

**PER CURIAM**

ATTESTED TO: _____
MICHAEL A. CRUZ,
CLERK OF COURT